**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **KAYLA BARREIRO** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 7:19-cv-00034** |
| | § | **JURY TRIAL** |
| **GEICO COUNTY MUTUAL** | § | |
| **INSURANCE COMPANY D/B/A** | § | |
| **GIECO INSURANCE COMPANY** | § | |
| **Defendant** | | |

**FIRST AMENDED ORIGINAL COMPLAINT FOR UNDERINSURED MOTORIST**
**BENEFITS, DECLARATORY JUDGMENT, BREACH OF CONTRACT, UNFAIR CLAIMS**
**HANDLING AND DAMAGES**

Plaintiff Kayla Barreiro ("Barreiro"), files this complaint, amending her Original Petition for Underinsured Motorist Benefits and Unfair Claims Handling which was removed from a State District Court in Hidalgo County to this Court by Defendant Geico County Mutual Insurance Company d/b/a Geico Insurance Company ("Geico"), and for cause of action respectfully shows:

**I. PARTIES**

1.1     Plaintiff is a resident of Hidalgo County, Texas.

1.2     Defendant Geico sells automobile liability insurance policies containing uninsured motorist coverage protection in Hidalgo County, Texas.   Geico is an insurer doing business in the State of Texas, with its principal place of business located in Richardson, Texas.  Geico has appeared and answered this complaint and no further service is necessary.

**II. JURISDICTION**

2.1     Geico claims this Court has jurisdiction over this case pursuant to 28 U.S.C. §1441 ("Diversity")

and because the amount in controversy exceeds $75,000.

## III. VENUE

3.1     Geico claims venue is proper in the U.S. District Court in the McAllen Division of the Southern District of Texas because the case was removed from a State District Court in Hidalgo County, Texas.

## IV. FACTS

4.1     On June 9, 2017, Barreiro was "a covered person" under Geico Policy No. 4441918481 ("the policy") attached as **Exhibit A.**

4.2     The policy was a full coverage automobile liability insurance policy which contained Uninsured/Underinsured Motorists Coverage obligating Geico to pay up to $100,001 in damages *"which a covered person is legally entitled to recover from the operator of an uninsured motor vehicle because of bodily injury sustained by a covered person caused by an accident."*

4.3     The policy was fully paid and the underinsured motorist coverage insurance was in full force and effect on June 9, 2017.

4.4     The policy provided Barreiro up to $100,001.00 against loss or damage occasioned by the negligence of an underinsured motorist.

4.5     The policy, in Section IV. 3. defined "underinsured motor vehicle" as "a land motor vehicle ... to which a liability policy applies at the time of the accident but its limit of liability has been reduced by payment of claims to an amount which is not enough to pay the full amount the covered person is legally entitled to recover as damages.

4.6     On June 9, 2017, Barreiro sustained bodily injury as a result of a motor vehicle accident caused by Nathan Cain, a negligent operator of a land motor vehicle whose liability policy had been reduced by payment of claims to an amount which was not enough to pay the full amount Barreiro was legally entitled to recover from Cain.

2

4.7     Barreiro continues to suffer bodily injuries and compensable damages caused by Cain and will in reasonable probability suffer the injuries over the course of her natural life.

4.8     Cain was negligent, negligent *per se* and grossly negligent in crashing a 2017 Chevrolet Malibu into the rear of a 2016 Mitsubishi on Highway 281 north of San Antonio, Texas.  Cain's negligence, negligence per se and gross negligence caused the Mitsubishi in which Barreiro was riding to collide with the rear of a 2009 Acura and several persons, including Barreiro, suffered bodily injury.

4.9     Cain admitted to witnesses at the scene that he had been consuming alcohol just prior to the crash and was driving while distracted. The investigating police officer noted on the police report that Cain was "*inattentive as he was looking down at his cell phone and this inattentiveness caused the collision*".

4.10    **Negligence of Cain**.  Barreiro is legally entitled to recover damages from Cain because Cain's negligence was a proximate cause of her bodily injuries and damages.  Cain was negligent in the operation of a land motor vehicle that proximately caused Barreiro damages as set out below:

>       A.      Being inattentive to vehicles stopped at a red light due to driving an automobile 55 miles per hour on Highway 281 in San Antonio, Texas, while engaged in a cell phone conversation with his mother and texting a woman he had just met at a night club;

>       B.      Failing to keep a proper lookout while driving a motor vehicle in a public roadway;

>       C.      Failing to timely apply the brakes to his automobile in order to avoid a collision with a Mitsubishi stopped at a red light;

>       D.      Failing to avoid a rear end crash with a Mitsubishi that was stopped as required by a red traffic signal.

Under Texas law, Barreiro is legally entitled to recover damages from Cain.

4.11    **Negligence *Per Se* of Cain**.  Barreiro is legally entitled to recover damages from Cain because

3

Cain's negligence *per se* was a producing cause of her bodily injuries and damages. Cain was negligent *per se* in the operation of a land motor vehicle that caused Barreiro damages as set out below:

> A.    San Antonio City Ordinance 2014-11-06-0843 prohibits the use of a hand held mobile communication device to engage in a call, or send, read or write a text message, or engage in any other use of the device while operating a moving motor vehicle. The ordinance was in effect on June 9, 2017 when Cain engaged in the use of his cell phone by using it to call his mother while he was driving on a public roadway. At the time he was conversing with his mother on his cell phone, Cain was texting a woman he had met at the Wild West Nightclub. Cain was using a handheld device while he was operating a moving motor vehicle in the city of San Antonio. Cain's conduct was a violation of law which was a producing cause of the crash and resulting damages to Barreiro and others.

> B.    San Antonio City Ordinance 2014-11-06-0843 is a statute enacted for the public's welfare. Plaintiff, and others injured in the crash, are members of the class of persons the Ordinance was designed to protect. The actual harm occurring in this cause was exactly the harm contemplated by the Ordinance -- serious bodily injury caused by distracted driving. The violation of the Ordinance by Cain was unexcused.

Under Texas law, Barreiro is legally entitled to recover damages from Cain as a result of the negligence *per se* of Cain.

4.12    **Gross Negligence of Cain**. Prior to the June 9, 2017 crash, Cain was aware of the San Antonio Ordinance and knew it was illegal to use his cell phone to talk and text while driving in San Antonio. Cain was also aware many people had been killed or seriously injured as a result of distracted driving due to texting and use of cell phones while driving. With this knowledge, Cain intentionally and recklessly made a conscious decision to engage in conduct that he knew posed an extreme degree of risk

to innocent people traveling on San Antonio roadways. Cain knowingly and intentionally ignored a law intended to protect people, like Barreiro, from serious injury caused by the very conduct Cain knew to be dangerous.

Under Texas law, Barreiro is legally entitled to recover damages from Cain as a result of the gross negligence of Cain.

4.13    Prior to the Cain car crash, Barreiro was a healthy, active nineteen-year-old college student with no history of neck or back pain, disc herniations, disc bulges, cervical or lumbar radiculopathy or annular tears in her low back. Barreiro's ability to engage in physical activities or exercises was not restricted or limited in any way prior to the crash and Barreiro was able to run, dance and participate in athletic events like softball games. As a result of the crash, Barreiro has suffered and continues to suffer chronic pain, physical impairment and extreme worry over the condition of her back. She has incurred medical expenses and will incur medical expenses in the future for care of her injuries as she has endured facet injections to block pain in her neck and her neurosurgeon believes she will benefit from a discogram, which is an invasive diagnostic test to examine intervertebral discs for a disc decompression surgery at the L5-S1 level.

4.14    Barreiro is legally entitled to recover compensable damages from Cain under Texas law for the following types of damages:

A.    Physical pain and mental anguish sustained in the past;

B.    Physical pain and mental anguish that, in reasonable probability, Barreiro will sustain in the future;

C.    Loss of earning capacity sustained in the past;

D.    Loss of earning capacity that, in reasonable probability, Barreiro will sustain in    the future;

E.    Disfigurement that, in reasonable probability, Barreiro will sustain in the future;

5

F.      Physical impairment sustained in the past;

G.      Physical impairment that, in reasonable probability, Barreiro will sustain in the future;

H.      Medical care expenses, in an amount of at least $38,917.75, incurred in the past; and

I.      Medical care expenses that, in reasonable probability, Barreiro will incur in the future.

4.15    Geico insured Nathan Cain under Geico Policy No. 4241392762 which afforded Cain $60,000 in liability coverage for any one accident. Geico evaluated several claims against Cain and exhausted its liability policy limit of $60,000 when it paid off personal injury claims, including a payment of $18,318.86 to Barreiro.

4.16    Geico's Underinsured Motorist Claim Adjuster, Rosemary Motta, consented to Barreiro's settlement with Cain and Geico and subsequently offered $13,454.89 to settle the UIM claim.


## V. FIRST CLAIM (DECLARATORY RELIEF)

5.1     Plaintiff asserts a claim for declaratory relief under Chapter 37 of the Texas Civil Practice and Remedies Code otherwise known as the Uniform Declaratory Judgments Act ("UDJA") and attorney's fees under UDJA.

5.2     Plaintiff incorporates by reference the allegations above as if fully set forth herein.

5.3     Plaintiff requests this Court issue a declaration that because of the Geico's failure to honor Plaintiff's timely written demand to honor the terms of its insurance contract by paying benefits which Plaintiff was legally entitled to recover from an underinsured motorist, which required Plaintiff to prepare and file this lawsuit, Plaintiff is entitled, pursuant to Tex. Civ. Prac. & Rem. Code § 37.009, to recover its costs and reasonable and necessary attorneys' fees incurred in compelling Geico to perform its contractual obligations.

5.4    Pursuant to the <u>Uniform Declaratory Judgments Act, Sections 37.001 *et seq.* of the Texas Civil Practice and Remedies Code</u>, Plaintiff requests that this Court issue a declaratory judgment declaring:

    A.    That Geico issued an insurance policy covering Plaintiff in the event she suffered damages caused by an underinsured motorist;

    B.    The Geico policy fails to disclose that an insured will have to litigate liability and damages claims against Geico and obtain a judgment before Geico will pay underinsured motorist benefits;

    C.    The Geico policy fails to disclose that after Geico consents to a Geico insured's settlement with an underinsured negligent motorist, a Geico insured will have to litigate liability and damage claims against Geico and obtain a judgment before Geico will pay underinsured motorist benefits;

    D.    The Geico policy fails to disclose that the only way to recover underinsured motorist benefits is by litigating liability and damages and obtaining a court judgement;

    E.    The policy language "*will pay all damages insured is legally entitled to recover from an underinsured motorist*" is vague and ambiguous and does not inform an insured that the insured will be required to litigate liability and damages and obtain a court judgment before Geico will pay underinsured motorist benefits;

    F.    Plaintiff has suffered damages in excess of the combined amounts paid by the underinsured motorist, medical payment benefits paid by Geico and Geico's offer of $13,454.89 to settle the underinsured motorist claim under the policy.

5.5    By granting the declaratory relief sought by Plaintiff, this Court will clarify an ongoing and continuing dispute as to validity and enforceability of an insurance contract and its terms.

5.6    Plaintiff has incurred costs and reasonable and necessary attorneys' fees in seeking this

declaratory judgment.

## VI.    SECOND CLAIM (UNDERINSURED MOTORIST BENEFITS)

6.1    In accordance with the terms of the policy, Geico is liable to Barreiro for all bodily injury damages Barreiro is legally entitled to recover from Cain up to the amount of $ 100,001.00.

6.2    Barreiro is legally entitled to recover damages as caused by Cain in an amount which exceeds the combination of 1) the payment $18,316.86 received by Barreiro under Cain's liability policy; 2) the medical payment benefit of $10,001 paid by Geico to Barreiro under Geico's auto policy and 3) the $100,001 uninsured underinsured motorist benefit available to Barreiro under the Geico policy.

6.3    Barreiro's bodily injury damages as caused by Cain exceed the collective sum of liability payments, medical payments received and the uninsured underinsured motorist benefit owed by Geico. Barreiro sues for the $100,001 in underinsured motorist benefits owing by Geico.

## VII.   THIRD CLAIM (BREACH OF AGREEMENT)

7.1    Prior to the filing of this suit, Geico had evidence and information making it reasonably clear that:

     A.    Barreiro was a covered person under a Geico automobile insurance policy;

     B.    Barreiro had suffered bodily injury proximately caused by the negligent operation of a land motor vehicle;

     C.    Barreiro had suffered bodily injury caused by the operation of a land motor vehicle in violation of an Ordinance (negligence *per se*) enacted to protect persons like Plaintiff;

     D.    Barreiro had suffered bodily injury caused by the grossly negligent operation of a land motor vehicle;

E.  Barreiro's bodily injury damages exceeded the combined $18,318.86 paid to settle the Cain liability claim and Geico's payment of $10,001 under the medical payments coverage provision of the Barreiro policy;

F.  Barreiro's bodily injury damages exceeded the combined amounts of payments received and the 100,001 underinsured motorist coverage amount provided by Barreiro's policy and Geico's offer of $13,454.89 to settle the underinsured motorist claim.

7.2    Geico breached its agreement by failing to pay the benefits owed after presentment of evidence making it reasonably clear that Barreiro was legally entitled to payment of either an amount in excess of the combined amounts of payments received from Cain and his insurer, medical payments coverage provided by Barreiro's policy and Geico's offer of $13,454.89 or $100,001 in underinsured motorist coverage benefits.

7.3    Nowhere in the policy is it stated that Barreiro must obtain a judgement to prove her damages in order to obligate Geico to pay uninsured motorist benefits. Geico's liability for damages in excess of the combined amounts of payments received from Cain and his insurer, medical payments coverage provided by Barreiro's policy and Geico's offer of $13,454.89 became reasonably clear prior to the filing of this suit.

7.4    Barreiro sues for an amount in excess of the amount recovered from Cain, medical payments received from Geico and the $13,454.89 offered by Geico under the policy. Plaintiff asserts she is entitled to recover the $100,001 in underinsured motorist benefits under the policy along with reasonable and necessary attorney fees and court costs in connection with the breach of agreement claim.

9

## VIII.  FOURTH CLAIM (EXTRA CONTRACTUAL CLAIMS)

8.1    Prior to the filing of this suit, Geico had evidence and information making it reasonably clear that:

A.    Barreiro was a covered person under a Geico automobile insurance policy;

B.    Barreiro had suffered bodily injury proximately caused by the negligent operation of a land motor vehicle;

C.    Barreiro had suffered bodily injury caused by the operation of a land motor vehicle in violation of an Ordinance (negligence *per se*) enacted to protect persons like Plaintiff;

D.    Barreiro had suffered bodily injury caused by the grossly negligent operation of a land motor vehicle;

E.    Barreiro's bodily injury damages exceeded the combined $18,318.86 paid to settle the Cain liability claim and Geico's payment of $10,001 under the medical payments coverage provision of the Barreiro policy and $13,454.89 offered by Geico under the policy.

F.    Barreiro's bodily injury damages exceeded the combined amounts of payments received and the 100,001 underinsured motorist coverage amount provided by Barreiro's policy.

8.2    On August 1, 2018, Barreiro sent an eighty-two-page demand packet to GEICO which included evidence of liability and damages, including $26,289.75.00 in past medical expenses, evidence of a broad based disc herniation at L5-S1, evidence of a posterior annular disc bulge with annular tearing at L4-5 and evidence of a C5-6-disc herniation impressing on the C6 nerve root.  Barreiro asserted that she was legally entitled to recover damages as caused by Cain in an amount which exceeded the combination of 1) $18,316.86 received by under Cain's liability policy; 2) medical payment benefits of $10,001 paid by Geico under Barreiro's policy and 3) the $100,001 uninsured underinsured motorist

10

benefit available to Barreiro.

8.3     Barreiro requested the insurance policy limit and requested that Geico settle her claim within thirty days by tendering $100,000, an amount within the policy limit.

8.4     Geico acknowledged the claim, rejected the demand for the UIM policy limit and offered $13,454.89 to settle Barreiro's underinsured motorist claim.

8.5     Barreiro's medical expenses now approximate $38,917.758.5 and will increase prior to trial.

8.6     Barreiro claims she is a person who has sustained actual damages caused by Geico's engaging in acts or practices which violate Pursuant to § 541.151 of the Texas Insurance Code, a person who sustains actual damages may bring an action against another person for those damages caused by the other person engaging in an act or practice defined as an unfair or deceptive act or practice in the business of insurance.

8.7     Nowhere in the policy is it stated that Barreiro must obtain a court judgement to prove her damages in order to obligate Geico to pay uninsured motorist benefits.

8.8     **First Violation of Texas Insurance Code**. Geico refused to act in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Geico's liability had become reasonably clear as required by V.T.C.A., Insurance Code § 541.0601(a)(2)(a). Geico's offer of $13,454.89 on August 29, 2018 was not fair or equitable.

8.9     **Second Violation of Texas Insurance Code**. Geico failed to promptly provide a reasonable explanation, in relation to the facts or applicable law, for its offer of a compromise settlement as required by V.T.C.A., Insurance Code § 541.0601(a)(3)(a). Geico's offer of $13,454.89 on August 29, 2018 failed to provide a reasonable explanation, in relation to the facts or applicable law, for the offer. Geico failed to promptly provide to its insured a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's offer of a compromise settlement of a claim

related to past and future medical expenses, pain, mental anguish and physical impairment. Furthermore, Geico did not provide a reasonable explanation of its evaluation of Barreiro's future medical requirements in light of the fact that Barreiro has been diagnosed with:

A.    *Right-side intraforaminal disc herniation at C5-6 producing a grade 1 impression on the right C6 nerve root in the neural foramen;*

B.    *Post traumatic posterior interspinous ligament sprains with reversal of the normal cervical lordosis consistent with post traumatic muscle spasm;*

C.    *Left-sided prominent broad-based disc herniation at L5-S1 producing a grade 1 impression on the left L56-S1 nerve roots during weight bearing;*

D.    *Posterior annular disc bulge with annular tearing at L4-5.*

Finally, prior to rejecting Barreiro's demand, GEICO did not inform Barreiro that GEICO was disputing the $26,289.75.00 submitted by Barreiro as the amount of reasonable and customary charges for services rendered by health care providers for medical and diagnostic services provided to Barreiro and Geico offered no explanation regarding its denial of the claimed charges.

8.10    **Third Violation of Texas Insurance Code.**  Geico refused to pay Barreiro's claim without conducting a reasonable investigation as required by V.T.C.A., Insurance Code § 541.0601(a)(7).  Geico was placed on notice that Barreiro claimed significant injury to her neck and low back.  Geico failed to have Barreiro or her medical file evaluated by a qualified physician to verify the existence of injuries caused by the crash.  Prior to rejecting Barreiro's demand, GEICO failed to obtain reports or evaluations from qualified medical doctors which contradicted the evidence presented by Barreiro in the form of medical, diagnostic and billing records for health care and testing undergone following the Cain crash.

8.11    **Fourth Violation of Texas Insurance Code.**  Geico engaged in false, misleading, or deceptive acts or practices by representing that the insurance agreement and Geico's services had certain

12

characteristics which in fact did not exist, namely that Geico would pay damages caused by an underinsured motorist once liability became reasonably clear. Nowhere in the policy is it stated that Barreiro must first obtain a judgement to prove her damages in order to obligate Geico to pay uninsured motorist benefits. Geico used the language "legally entitled to recover" in its policy knowing that the ordinary insured would not understand this to mean the insured would be required to go through a jury trial and obtain a judgment in a court of law before recovering underinsured motorist benefits. Knowing the significance of the "legally entitled to recover" language, Geico consciously avoided discussing and explaining this this insurance term with its insured prior to selling the policy and this failure to discuss or disclose was deceptive and unconscionable. This conduct violated V.T.C.A., Insurance Code § 541.151.

8.12 **Fifth Violation of Texas Insurance Code.** Geico engaged in false, misleading, or deceptive acts or practices by representing that the insurance agreement afforded Barreiro coverage for damages caused by an underinsured motorist and failing to disclose that Barreiro would have to obtain a judgment adjudicating the motorist negligent in causing the crash and determining the amount of bodily injury damages Barreiro had suffered in a court of law before Geico would pay required to pay on the policy. This conduct violated V.T.C.A., Insurance Code § 541.151.

## IX. PLAINTIFF'S DAMAGES

9.1    Plaintiff brings this action for recovery of actual damages she is entitled to recover under the policy. Plaintiff sues for $100,001 in underinsured motorist benefits owed under the policy.

9.2    Plaintiff brings this action for recovery of actual damages she has sustained as a result of GEICO's violation of the Texas Insurance Code § 541.060(a)(2)(A).

9.3    Plaintiff seeks actual damages of $100,001, court costs and necessary attorney's fees and any

13

other relief to which she is entitled as authorized by Texas Insurance Code § 541.152(a).

9.4     GEICO has knowingly failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim by attempting to settle the claim for an amount which is less than what GEICO knows is reasonable, and therefore, Plaintiff is entitled to an award in an amount not to exceed three times her actual damages as authorized by Texas Insurance Code § 541.152 (b).

## X.  PRE-JUDGMETNT AND POST-JUDGEMENT INTEREST

10.1    Plaintiff seeks pre-judgment and post-judgement interest as allowed by law.

## X.  JURY DEMAND

11.1    Plaintiff demands a trial by jury and has tendered the appropriate fee.

## PRAYER FOR RELIEF

Plaintiff respectfully requests judgment against GEICO as follows:

1. Actual damages of $100,001 owed to Plaintiff under the terms of the Geico Uninsured/Underinsured Motorist Insurance Policy;

2. Additional damages not to exceed three times the actual damages as authorized by the Texas Insurance Code;

3. Costs of Court;

4. Prejudgment and Post Judgment Interest as allowed by law;

5. Reasonable and Necessary Attorney's fees as allowed by law; and

6. Any other and further relief that the court deems proper.

14

Respectfully submitted,

Law office of John David Franz

By:_____

    John David Franz
    State Bar No. 07389200
    Fed ID:  1190
    400 N. McColl, Suite B
    McAllen, TX  78501
    Email:  jdf@johndavidfranz.com
    Telephone: (956) 686-3300
    Facsimile: (956) 686-3578
    *Attorney-in-Charge for Plaintiff*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on December 26, 2019, the foregoing **First Amended Complaint** was electronically transmitted to the Clerk's Office using the CM/ECF system for filing and service via transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.  All non-registered parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

Analisa Figueroa
Law Office of Analisa Figueroa, PLLC
514 Paredes Ave, Suite H
Brownsville, Texas 78521
Attorney for GEICO

_____
John David Franz

15